UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BERNARD MCDANIEL, ) | Civil Action No.: 4:07-cv-990-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| DR. STEVE QUICK, in his individual ) | |
| and official capacity as Superintendent ) | |
| of Florence School District Two, and ) | |
| FLORENCE SCHOOL DISTRICT TWO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

I.  INTRODUCTION

Plaintiff, who is proceeding pro se in this action, asserts claims of race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981. Plaintiff also brings an action under 42 U.S.C. § 1983 for equal protection, due process, and free speech and association violations. Finally, Plaintiff asserts a state law cause of action for defamation. Plaintiff was originally represented by counsel. Plaintiff, acting pro se, filed a letter (Document # 43) with the Court expressing his dissatisfaction with his counsel and requesting the opportunity to secure new counsel. The Court issued an Order (Document # 48) relieving Plaintiff's counsel and staying the case for 30 days to allow Plaintiff time to find a new attorney. No Notice of Appearance was filed on Plaintiff's behalf. Defendants subsequently filed the present Joint Motion for Summary Judgment (Document # 60). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in the Motion being granted. On the

last day to file a Response, Plaintiff submitted a Motion (Document # 65) to stay the case for an additional 30 days to allow him to retain counsel. The Court granted the Motion and allowed Plaintiff an additional 30 days to retain new counsel. The Order (Document # 67) provided that a Response to the Motion for Summary Judgment was due by May 9, 2010, regardless of whether Plaintiff was able to retain counsel. Neither a Notice of Appearance on Plaintiff's behalf nor a Response to Defendants' Motion has been filed.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because the Motion for Summary Judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II. FACTS[1]

In his Complaint, Plaintiff asserts that on August 31, 2006, he was demoted from his position as the Principal at Hanna-Pamplico High School to a teaching position at the middle school. Specifically, it is alleged in the Complaint that on September 5, 2006, Plaintiff requested an appeal and grievance of his demotion to the Florence School District Two Board [the Board], and that on September 18, 2006, this appeal was denied. Plaintiff represents that the stated reason for his demotion, "that he acted inappropriately and used poor judgment," was just pretextual, and that the real reason for this demotion was his race. Plaintiff asserts that no reasons were given for denying his appeal and grievance, and that he was denied due process for not being able to present his "side" of things at a Board meeting.

---

[1]These facts are taken from Defendants' Memorandum in support of their Motion for Summary Judgment. They are undisputed by Plaintiff.

In the pleadings, Plaintiff alleges that his Title VII Civil Rights were violated, pursuant to 42 U.S.C. §§ 1981, 1983, and 2000(e), and that he was defamed by Defendants when they allegedly commented in the press about his placement on administrative leave during the course of the investigation. Defendants responded to these allegations asserting a number of defenses, and denying the factual allegations made in the Complaint. During discovery, Defendants also provided Plaintiff with a number of contemporaneous documents that reflect that Plaintiff was reassigned for exercising poor judgment in not investigating, reporting, or otherwise addressing certain teacher misconduct.

The underlying facts, on which Plaintiff's allegations rest, began when a teacher asserted to Defendant Quick that she had been sexually harassed on several occasions by her supervisor, Plaintiff. As a result of the allegations originally made by the teacher, Plaintiff was placed on administrative leave pending the outcome of an investigation. Shortly after the investigation began, legal counsel for Plaintiff asked that the investigation be conducted by personnel who were from outside the Florence School District Two, as opposed to any School District personnel. This request was agreed to by Defendants, and as a result, Dr. Quick, along with the Board, obtained two outside investigators. These investigators were two educators (1 black female, and 1 white male), who were selected for their background in education, and their independence from Florence School District Two. As a result of their investigation, a report was issued wherein they found that a relationship, perhaps consensual, existed between Plaintiff and the complaining teacher. It was also determined in the report that the teacher may have engaged in conduct that was not appropriate for the school setting, and that such conduct was known by Plaintiff, who took no action as the teacher's supervisor. See Redacted Report of Investigation (attached as Exhibit A to Defendants' Motion).

As a result of the findings and recommendations contained in the independent investigative report, including the admissions of both Plaintiff and the teacher, Defendants determined that Plaintiff failed to properly address the teacher's misconduct, and failed to supervise the offending teacher. Over the course of the investigation, it was also determined that Plaintiff had a previous history of alleged inappropriate behavior towards several other female teachers at his school, and that this was only the latest incident.[2] Defendants assert that it was for these reasons, and not Plaintiff's race, that Plaintiff was reassigned.[3]

Specifically addressing Plaintiff's claim of defamation, at the time of the investigation and appeal, Dr. Quick was approached by the press at a board meeting. The press limited their question to "why [Plaintiff] was on administrative leave." Dr. Quick responded to the press without any details. Dr. Quick recalls advising the press "that it was a personnel matter," while it is alleged in the Complaint that Dr. Quick advised the press that Plaintiff "was on administrative leave." See Quick Deposition pp 37 - 39 (attached as Exhibit B to Defendants' Motion).

As a result of the related and collateral civil action, Plaintiff was deposed on December 9, 2008. In that deposition, Plaintiff admitted that the independent investigation was correct in concluding that he should have reported the teacher's conduct towards him, and that he probably

---

[2] These assertions were the basis for a collateral action brought in the United States District Court, naming these Defendants, as well as the current Plaintiff, as named Defendants. This collateral action was filed by a teacher who was allegedly approached sexually by Plaintiff and was captioned Hunter v. McDaniel et al, Civil Action No. 4:07-cv-03455-TLW.

[3] Plaintiff never actually served in a teaching position, opting instead to take medical leave for the rest of that contract period. It is undisputed that throughout this medical leave period, the Plaintiff did not suffer a reduction in pay or benefits, and that at the conclusion of his medical leave, Plaintiff opted to retire. Shortly after this retirement went into effect, Plaintiff sought and obtained employment in another school district as a principal of a high school. See Plaintiff Dep. (attached as Exhibit C to Defendants' Motion).

violated Board policy by not reporting her behavior and creating a written record. Plaintiff Dep. pp. 96-97. Moreover, when asked about the basis for his racial claims, Plaintiff asserted that the racial discrimination claim was made because he was black and that the administration is white. Id. pp. 153 - 156. It is undisputed that the Board has mixed racial composition, and that one of the outside investigators, Ms. Gary, is a black female. See Board Response to EEOC, p.2 (attached as Exhibit D to Defendants' Motion).

## III.   STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on

must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV. DISCUSSION

A. Race Discrimination

Plaintiff alleges racial discrimination under both 42 U.S.C. § 2000(e) (Title VII) and 42 U.S.C. § 1981. A claim for race discrimination under § 1981 is analyzed in the same manner as a race discrimination claim under Title VII. Gairola v. Commonwealth of Va. Dept. of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985).

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court set forth a

burden-shifting scheme for proving cases of intentional discrimination under Title VII.[4] Under McDonnell Douglas, Plaintiff has the initial burden of establishing a prima facie case of discrimination, by showing (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he suffered an adverse employment action; and (4) other employees who are not members of the protected class did not suffer the adverse employment action. Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 133 (4th Cir. 2002). The fourth element can be established by presenting evidence raising an inference of discrimination. See Miles v. Dell, Inc., 429 F.3d 480, 486-87 (4th Cir. 2005); EEOC v. Sears Roebuck & Co., 243 F.3d 846, 851 n.2 (4th Cir. 2001)(citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981)).

Once Plaintiff has established a prima facie case, the burden shifts to Defendant to produce a legitimate, nondiscriminatory reason for the adverse employment action. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 ((1981). This is merely a burden of production, not of persuasion. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993).

Once Defendant has met its burden of production by producing its legitimate, nondiscriminatory reason, the sole remaining issue is "discrimination vel non." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000)(citing Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983)). In other words, the burden shifts back to Plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by Defendant is not its true reason, but was pretext for discrimination. Reeves, 530 U.S. at 143. During all of the burden

---

[4]The McDonnell Douglas analysis was refined in St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993), and Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

shifting scheme set forth in McDonald Douglas, the ultimate burden of proving that Defendant intentionally discriminated against Plaintiff remains at all times with Plaintiff. Plaintiff has the ultimate burden of presenting evidence from which a reasonable jury could conclude Defendants intentionally discriminated against him based on race.

Defendants admit that Plaintiff falls within an protected class, was qualified for his job and his job performance was satisfactory. Further, Plaintiff suffered an adverse employment action when he was reassigned from his position as principal to a teaching position because his reassignment included significantly different responsibilities. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). However, Plaintiff cannot satisfy the fourth element of a prima facie case, that is, Plaintiff cannot show that other employees outside the protected class were treated differently or any other evidence giving rise to an inference of discrimination. Plaintiff fails to present any evidence giving rise to an inference of discrimination. Accordingly, summary judgment is appropriate on Plaintiff's claims of race discrimination pursuant to Title VII and 42 U.S.C. § 1981.

Additionally, assuming, arguendo, Plaintiff does establish a prima facie case of discrimination, summary judgment is nonetheless appropriate because Defendants have produced a legitimate, non-discriminatory reason for Plaintiff's demotion, i.e., Plaintiff's failure to properly address the teacher's misconduct, and failure to properly supervise the offending teacher, and Plaintiff has failed to present any evidence that this reason was simply pretext for a discriminatory reason.

B.      42 U.S.C. § 1983 Claims

   1.      Equal Protection

To succeed on an equal protection claim, a plaintiff must show that he has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564. 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Plaintiff fails to present evidence that was intentionally treated differently from others similarly situated. Thus, this claim fails.

   2.      Due Process

Plaintiff alleges that he grieved his demotion from principal to teacher but was denied a due process hearing before the school board. Complaint ¶¶ 7-8. An individual seeking to invoke the protections of the due process clause of the fourteenth amendment first must establish that he has been deprived of a liberty or property interest protected by that clause. See Board of Regents v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Courts have held that a teacher's interest in retaining his position and not being transferred or reassigned does not rise to the level of a constitutionally protected property interest. See Kilcoyne v. Morgan, 664 F.2d 940, 942 (4th Cir. 1981) (holding that a university's failure to follow tenure procedures may give rise to a breach of contract claim "but that issue is not elevated to a constitutional question solely because the State is a party to the contract"); Ulichny v. Merton Cmty. Sch. Dist., 249 F.3d 686 (7th Cir.2001) (Principal's loss of certain duties did not constitute deprivation of a property interest subject to procedural due process protection); Maples v. Martin, 858 F.2d 1546 (11th Cir.1988) (Professors have no property interest in not being transferred outside of department); Garvie v. Jackson, 845 F.2d 647 (6th Cir.1988) (no property interest at issue when Department Head reassigned to regular

teaching duties); Kelleher v. Flawn, 761 F.2d 1079 (5th Cir.1985) (reappointment of non-tenured faculty member with concurrent reduction of teaching duties does not deprive plaintiff of property interest); Childers v. Indep. Sch. Dist., 676 F.2d 1338 (10th Cir.1982) (tenured teacher has property interest in continued employment but not in particular assignment); Faro v. N.Y. Univ., 502 F.2d 1229 (2nd Cir.1974) (University teacher who had her position terminated, refused a new non-tenured position, and was subsequently denied a tenured position did not have a constitutionally protected property interest). Because Plaintiff fails to show that he was denied a property interest, his due process claim fails.

       3.      Freedom of Speech

Plaintiff alleges that Defendants did not allow "other persons to talk to him or him to talk to them." Complaint ¶ 31. It appears that this allegation arises out of a letter written by Defendant Quick, confirming the conversation suspending the Plaintiff. In relevant part, this letter provides,

> In the meantime, you are not to return to . . . .High School or any other schools in the district without my prior permission. Additionally, I specifically directed you not to have any contact with any district or school employees while I am conducting my investigation. If you are contacted by any employees of the district, in any manner, you are to advise them that you are not able to discuss the matter. In particular, you are not to have any contact with the teacher who reported the allegations or any members of her family or her friends. You also will be expected to maintain the confidentiality of the teacher, just as she intends to treat this matter confidentially. You must also ensure that you do not conduct yourself in a manner in which the teacher may feel intimidated by you.

Letter from Defendant Quick to Plaintiff, dated July 6, 2006 (included within Redacted Report of Investigation).

In a First Amendment claim the speech in question must involve a matter of public concern, and not of a private concern. Pickering v. Board of Education, 391 U. S. 563, 88 S. Ct. 1731, 20 L.

Ed. 2d 811 (1968). Consequently, any statement or speech that involves private interests of any kind, which is otherwise devoid of public concern, is not entitled to protection. Arvinger v. Mayor & City Council of Baltimore, 862 F.2d 75, 79 (4th Cir. 1988). "It is settled that a public employee's expression of grievances concerning his own employment is not a matter of public concern. See Huang v. Board of Governors of University of North Carolina, 902 F.2d 1134, 1140 (4th Cir. 1990) (citing Connick v. Myers, 461 U.S. 138, 148, 103 S.Ct. 1684, 1693, 75 L.Ed.2d 708 (1983); Piver v. Pender County Bd. of Ed., 835 F.2d 1076, 1080 (4th Cir.1987), cert. denied, 487 U.S. 1206, 108 S.Ct. 2847, 101 L.Ed.2d 885 (1988); Daniels v. Quinn, 801 F.2d 687, 690 (4th Cir.1986); Johnson v. Town of Elizabethtown, 800 F.2d 404, 406 (4th Cir.1986); Lewis v. Blackburn, 759 F.2d 1171 (4th Cir.1985) (en banc) (per curiam), adopting view of panel dissent per Ervin, J., 734 F.2d 1000, 1008 (4th Cir.1984), cert. denied, 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 228 (1985); Jurgensen v. Fairfax County, 745 F.2d 868, 879-80 (4th Cir.1984)). The letter from Quick to Plaintiff prevents Plaintiff from speaking to other employees during and about the investigation. As such, no free speech rights were violated and Plaintiff's claim is without merit.

  C. State Law Claims

If the Court accepts this report and recommendation, then the original federal jurisdiction claims will be dismissed. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over

the state law claims).  See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989).  Therefore, the undersigned recommends that the Court decline to retain jurisdiction over Plaintiff's state law cause of action for defamation.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 60) be granted as to Plaintiffs claims under Title VII, 42 U.S.C. § 1981, and 43 U.S.C. § 1983, that the court decline to exercise jurisdiction over Plaintiff's state law claim for defamation and that this case be dismissed in its entirety.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 1, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**