IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bernard McDaniel, | ) |
|        Plaintiff, | ) |
| vs. | ) Civil Action No.: 4:07-990-TLW-TER |
| Dr. Steve Quick, in his individual and official capacity as Superintendent of Florence School District Two, and Florence School District Two, | ) |
|        Defendants. | ) |

# ORDER

The plaintiff, Bernard McDaniel ("plaintiff"), filed this civil action alleging claims of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981; claims for violation of the plaintiff's rights of equal protection, due process, and free speech and association pursuant to 42 U.S.C. § 1983; and a state law cause of action for defamation. (Doc. #1). The case was referred to United States Magistrate Judge Thomas E. Rogers, III pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC.

On November 25, 2009, the defendants filed a motion for summary judgment. (Doc. #60). The plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion for summary judgment could result in the motion being granted. (Doc. #61). On January 12, 2010, the plaintiff filed a request for a 30 day extension to retain proper representation. (Doc. #65). The United States Magistrate Judge to whom this case was previously assigned issued an Order granting this motion, but noting that the plaintiff was responsible for filing

a response to the defendants' motion for summary judgment by May 9, 2010 regardless of whether the plaintiff retained new counsel. (Doc. #67). No response nor notice of appearance has been filed in this case.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge. (Doc. #70). On June 1, 2010, the Magistrate Judge issued the Report. In the Report, the Magistrate Judge recommends that the defendants' motion for summary judgment be granted as to the plaintiffs claims under Title VII, 42 U.S.C. 1981, and 42 U.S.C. § 1983; that the Court decline to exercise jurisdiction over the plaintiff's state law claim for defamation; and that this case be dismissed in its entirety. (Doc. #70). The plaintiff filed no objections to the report. Objections were due on June 18, 2010.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation. It is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED.** (Doc. #70). For the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment, (Doc. #60), is hereby **GRANTED** as to the plaintiffs claims under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The Court declines to exercise jurisdiction over the plaintiff's state law claim for defamation. This case is hereby **DISMISSED**.

**IT IS SO ORDERED**.

                                                                                    s/Terry L. Wooten
                                                                         United States District Judge

July 22, 2010
Florence, South Carolina